IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| TIMOTHY WILLIAMS,<br>    Petitioner, | §<br>§<br>§ | |
| v. | § | C.A. NO. C-06-111 |
| | § | |
| FEDERAL BUREAU OF PRISONS<br>    Respondent. | §<br>§<br>§ | |

**MEMORANDUM AND RECOMMENDATION
TO GRANT RESPONDENT'S MOTION TO DISMISS**

Petitioner Timothy Williams, a federal inmate, was at the time of filing this habeas petition incarcerated at the Federal Corrections Institute in Three Rivers, Texas. He filed this habeas corpus petition pursuant to 28 U.S.C. § 2241 on March 9, 2006. (D.E. 1). Pending is respondent's motion to dismiss petitioner's habeas application for failure to state a claim. (D.E. 17). For reasons set forth herein, it is respectfully recommended that respondent's motion to dismiss be granted.

**I.  JURISDICTION**

The Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. § 2241.

**II.  BACKGROUND**

On May 14, 2003, petitioner was arrested by Texas state law enforcement authorities. (D.E. 16, App., Decl. of Hope McHerron, ¶ 4). While in state custody, he was indicted by a federal grand jury for possession of pseudoephedrine with

intent to manufacture methamphetamine.  Id. at ¶ 5.  On October 1, 2003, he was transferred from state custody by a writ of habeas corpus ad prosequendum for trial and sentencing in federal district court.  Id. at ¶ 6.  On November 24, 2003, he pleaded guilty to the federal charge in the United States District Court for the Western District of Texas, San Antonio Division, in case number SA-03-CR-437 (01)-XR, styled United States v. Williams.  (D.E. 16, App., Federal Judgment, at 1).  On March 16, 2004, he was sentenced to seventy months imprisonment to be served under the supervision of the Bureau of Prisons ("BOP"), to be followed by three years of supervised release.  Id. at 2-3.  He also received a $100 special assessment.  Id. at 1.

After his sentencing in federal court, petitioner was returned to state custody.  (D.E. 16, App., Decl. of Hope McHerron, ¶ 7).  Upon his return to state custody, his state parole was revoked.  Id. at ¶ 8.  He completed his state parole revocation sentence on December 9, 2004, and came into exclusive federal custody.  Id.  Petitioner, pursuant to his belief that he was not credited with time spent in federal custody prior to his sentencing, at trial, and post sentencing, sought to remedy the alleged oversight through BOP administrative remedies.  (D.E. 1, at Attach. 2).  On August 4, 2005, respondent informed him that his federal sentence was determined to run consecutive to his state parole violation term, and due to the fact that he was considered to be in exclusive state custody at the time of his arrest and had

received credit on his state sentence for all jail time served starting at the time of arrest, he was not entitled to credit for this time against his federal sentence. (D.E. 16, App., at 15).

Petitioner filed a regional appeal of respondent's disposition of his request for jail time credit. Id. at 16. On September 20, 2005, BOP's regional director, G. Maldonado, Jr. responded to his request for appellate review, stating that his request for presentence jail time credit, according to BOP policy, was construed as a request for nunc pro tunc designation. Id. at 17-18. He further explained that:

> The Bureau must consider an inmate's request for concurrent service of the state and federal sentences. However, in accordance with our policy, a designation for concurrent service of sentence is made only when it is consistent with the intent of the sentencing federal court, or with the goals of the criminal justice system.

Id. at 18. Based on a review of petitioner's case, he found that granting petitioner's request for concurrent sentences was "not consistent with the goals of the criminal justice system." Id. He informed petitioner that if he was unsatisfied with his determination he must file an appeal within thirty days. Id.

Petitioner filed an appeal of Mr. Maldonado's decision with the central office on October 14, 2005. Id. at 19. On November 17, 2005, Harrell Watts, Administrator for National Inmate Appeals, responded to his appeal. Id. at 20. In denying his appeal, Mr. Watts explained:

> You provide no new information in this matter beyond that which you supplied in your Request for Administrative Remedy at the institution and regional levels. Your sentence has been computed according to Program Statement 5880.28, Sentence Computation Manual-CCCA, and all applicable statutes.

Id. (emphasis original).

On March 9, 2006, petitioner filed this writ of habeas corpus challenging the BOP calculation of his anticipated release date from custody. (D.E. 1). He alleges that he is entitled to credit for time served as of his May 14, 2003 arrest. Id. at 7. Respondent argues that petitioner was not received into federal custody until December 9, 2004, and therefore, he is not entitled to credit for time served against his federal sentence for the period of time that was credited against his state sentence. (D.E. 17, at 6). On June 21, 2006, petitioner filed objections to respondent's answer, which are construed as a response to the motion to dismiss. (D.E. 18, at 1). In his response, he generally objects to respondent's assertions that he is not entitled to the requested relief. Id.

### III. STANDARD OF REVIEW

**A.  Standard of Review on a Federal Habeas Petition.**

The Fifth Circuit has established that "[a] section 2241 petition on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration, and must be filed in the same

4

district where the prisoner is incarcerated." Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000) (citations omitted).  Additionally, "[t]o the extent that [petitioner] seeks credit for time served prior to the date of his federal sentence, ostensibly under 18 U.S.C. § 3568, ... it must be advanced in a petition for habeas corpus under 28 U.S.C. § 2241." United States v. Garcia-Gutierrez, 835 F.2d 585, 586 (5th Cir. 1988) (citing United States v. Brown, 753 F.2d 455 (5th Cir. 1985) (per curiam)).

In order to be entitled to habeas relief, petitioner must show his liberty is being restrained in violation of the constitution, treaties, or statutes of the United States.  United States v. Hayman, 342 U.S. 205, 211-12 (1952).  "Habeas relief is extraordinary and 'is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice.'"  Kinder v. Purdy, 222 F.3d 209, 213 (5th Cir. 2000) (per curiam) (quoting United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam)).

**B.     Motion to Dismiss Standard of Review.**

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes courts to dismiss claims on the basis of dispositive law.  Fed. R. Civ. P. 12(b)(6); Neitzke v. Williams, 490 U.S. 319, 326 (1989) (citations omitted).  When ruling on a motion to dismiss, a court must accept the plaintiff's factual allegations as true, and view these allegations in a light most favorable to the plaintiff.  Capital Parks, Inc. v.

Southeastern Adver. & Sales Sys., Inc., 30 F.3d 627, 629 (5th Cir. 1994) (citation omitted); Cinel v. Connick, 15 F.3d 1338, 1341 (5th Cir. 1994).  Indeed, a court should not look beyond the pleadings.  Cinel, 15 F.3d at 1341; McCartney v. First City Bank, 970 F.2d 45, 47 (5th Cir. 1992).

A Rule 12(b)(6) motion should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957); accord Mitchell v. McBryde, 944 F.2d 229, 230 (5th Cir. 1991) (quoting Conley).  Thus, the central question before the Court is whether the plaintiff's complaint states any valid claim for relief.  See Conley, 355 U.S. at 45-46; Lowrey v. Tex. A & M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997).

## IV.  DISCUSSION

**A.     The BOP's Role in Computing Federal Prisoners' Sentences.**

There are two decisions involved in the computation of federal sentences: (1) when does the federal sentence commence; and (2) is the prisoner entitled to credit for time served prior to the commencement of the federal sentence.  Both of these decisions are at issue in the present case.

The Attorney General has the responsibility for imprisoning federal inmates, which is administratively carried out by the BOP.  United States v. Wilson, 503 U.S. 329, 331 (1992).  For offenses committed after November 1, 1987, federal

sentence computation is governed by 18 U.S.C. § 3585. Id. at 332.[1]

Section 3585 provides:

> (a) Commencement of sentence. – A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody. – A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–
>
>> (1) as a result of the offense for which the sentence was imposed; or
>>
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585. Unlike its predecessor § 3568, section 3585 does not specifically state that the Attorney General is responsible for granting federal prisoners credit for time served prior to the commencement of their federal sentences. The Supreme Court, however, has held that time credit awards pursuant

---

[1] For individuals serving sentences for offenses committed prior to November 1, 1987, sentence computation decisions are governed by the now repealed 18 U.S.C. § 3568. This statute empowered the Attorney General to award federal prisoners credit for time served prior to the commencement of their federal sentence. Wilson, 503 U.S. at 331-32.

to § 3585(b) are to be made by the Attorney General through the BOP. Wilson, 503 U.S. at 334-35; accord United States v. Dowling, 962 F.2d 390, 393 (5th Cir. 1992). A prisoner may seek administrative review of the BOP's sentence computation determinations. 28 C.F.R. § 542.10-542.19. Once an inmate has exhausted his administrative remedies, he may seek judicial review of the BOP's determination. Wilson, 503 U.S. at 335. Respondent concedes that petitioner has exhausted his available administrative remedies. (D.E. 16, at 3).

**B.    Petitioner's Claims.**

**1.    Concurrent or Consecutive Sentence.**

Petitioner challenges the BOP's decision to treat his federal sentence as running consecutive to his state sentence, rather than concurrently. (D.E. 1, at 3). He asserts that the state court ordered his state sentence to run concurrently with his federal sentence. Id. at 4; see also (D.E. 18, at 1). Finally, he argues that he should not be subject to additional jail time because the United States Marshal Service failed to bring him into federal custody after his state parole had been revoked. Id. at 6.

In most cases, federal district courts have discretion as to whether to impose concurrent, or consecutive sentences. 18 U.S.C. § 3584(a); accord United States v. Reyes-Lugo, 238 F.3d 305, 309 (5th Cir. 2001). The statute creates a presumption that multiple terms of imprisonment imposed at the same time will run

concurrently unless otherwise indicated by the Court, while terms imposed at different times are presumed to run consecutively unless otherwise noted. See Reyes-Lugo, 238 F.3d at 309.  The Fifth Circuit has specifically declared that "[w]ell-settled federal law presumes that when multiple terms of imprisonment are imposed at different times, they will run consecutively *unless* the district court specifically orders they run concurrently."  Free v. Miles, 333 F.3d 550, 553 (5th Cir. 2003) (per curiam) (italics in original).  Indeed, it held that "[a] district court must specify in its sentencing that sentences run concurrently; otherwise, they run consecutively." Id.

     Petitioner has failed to show that his liberty is being restrained in violation of the United States Constitution, treaties, or statutes.  The BOP's determination that his sentence was to be served consecutively to his state parole revocation sentence is based on well-settled federal statutory law that is further supported by Fifth Circuit case law.  Additionally, the state trial court's designation that his state sentence was to be served concurrently with his federal sentence is non-binding on the BOP.  Leal v. Tombone, 341 F.3d 427, 429 n.13 (5th Cir. 2003) (per curiam). Accordingly, it is respectfully recommended that petitioner fails to state a claim for which habeas relief may be granted.

### 2. Commencement of Petitioner's Federal Sentence.

Petitioner also claims the BOP improperly designated the commencement date of his federal sentence. (D.E. 1, at 3). He appears to argue that his federal sentence commenced on March 10, 2004, the day the federal district court handed down his sentence. Id. Respondent contends that his sentence did not commence until December 9, 2004, the point in time when state authorities relinquished their jurisdiction over him. (D.E. 16, at 4-7).

The Fifth Circuit has explained that "[a] federal sentence begins to run on the date that a 'defendant is received into custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which sentence is to be served.'" Leal, 341 F.3d at 428 (citing 18 U.S.C. § 3585(a)). Federal prisoners are placed in the custody of the BOP, which designates the appropriate correctional facility where the defendant shall serve out his federal sentence. 18 U.S.C. § 3621. "The phrase 'official detention facility' in § 3585(a) therefore must refer to a correctional facility designated by the Bureau for service of federal sentences, where the Bureau retains the discretion to 'direct the transfer of a prisoner from one penal or correctional facility to another.'" Reno v. Koray, 515 U.S. 50, 58 (1995) (quoting 18 U.S.C. § 3621(b)). An inmate could receive credit for time spent in the custody of state authorities only if the Attorney General exercises his "power granted by 18 U.S.C. § 4082 and designate[s] the

involved state and local facilities as places of confinement for service of a federal sentence." Garcia-Gutierrez, 835 F.2d at 587.

A federal sentence does not commence when a defendant is produced in federal court pursuant to a writ of habeas corpus ad prosequendum from state custody, nor is the defendant entitled to credit for time served against his federal sentence where credit has already been applied against his state sentence. Vignera v. Attorney General, 455 F.2d 637, 637-38 (5th Cir. 1972) (per curiam). The Fifth Circuit has held:

> The law is clear in this Circuit that, if a defendant is in state custody and he is turned over to federal officials for federal prosecution, the state government's loss of jurisdiction is only temporary. The prisoner will be returned to state custody at the completion of the federal proceedings or the federal sentence if the federal government wishes to execute it immediately. A writ of habeas corpus *ad prosequendum* is only a 'loan' of the prisoner to another jurisdiction for criminal proceedings in the receiving jurisdiction.

Causey v. Civiletti, 621 F.2d 691, 693 (5th Cir. 1980) (emphases added) (internal citations omitted).

It is respectfully recommended that petitioner's federal sentence did not commence until December 9, 2004, when state authorities relinquished their jurisdiction over him, and when the BOP designated the correctional facility in which he would serve his federal sentence. It is further respectfully recommended

that the BOP's designation of petitioner's commencement date was in accordance with statutory provisions, and therefore, petitioner has failed to state a claim on which habeas relief can be granted.

### 3. Time Credit For Time Served.

Petitioner was arrested by state authorities on May 14, 2003, and was transferred to federal authorities to face federal charges pursuant to a writ of habeas corpus ad prosequendum. (D.E. 16, App., Decl. of Hope McHerron, ¶¶ 4-6). On March 10, 2004, his federal sentence was imposed, and he was transferred back into the custody of state authorities. Id. at ¶ 7. According to a BOP review, his state sentence has been credited with time served from the date of his arrest, May 14, 2003, through the date of his release from state custody, December 9, 2004. Id. at ¶ 9.

Section 3585(b) establishes that a defendant will receive credit for official detention. The Supreme Court has held that "[s]ection 3585(b) provides credit for time 'spent in official detention *prior to the date the sentence commences*,' thus making clear that credit is awarded only for presentence restraints on liberty." Koray, 515 U.S. at 56 (italics in original) (internal citation omitted). It has also held that "Congress made clear that a defendant could not receive a double credit for his detention time." Wilson, 503 U.S. at 337.

It is respectfully recommended that the language of § 3585(b) precludes the

award of credit for the period of time that petitioner spent in federal custody pursuant to a writ of habeas corpus <u>ad</u> <u>prosequendum</u> prior to his federal sentence imposition, because he has received credit for this time served against his state sentence. It is further respectfully recommended that petitioner has failed to establish a violation of law on which habeas relief can be granted.

## V.  RECOMMENDATION

For the foregoing reasons, it is respectfully recommended that respondent's motion to dismiss be granted and that petitioner's application be dismissed.

Respectfully submitted this 28th day of June 2006.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO THE PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 02-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).